**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | PE:25-CV-00018-DC-DF |
| | § | |
| RUDOLFO HERNANDEZ, III, and | § | |
| UNITED STATES OF AMERICA ON | § | |
| BEHALF OF THE SECRETARY OF | § | |
| HOUSING AND URBAN | § | |
| DEVELOPMENT, | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

On this day, the Court considered the status of this case. This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** this case be **DISMISSED**.

### DISCUSSION

Plaintiff Lakeview Loan Servicing, LLC, ("Lakeview") has repeatedly failed to prosecute this case and comply with Court Orders. (Doc. 20). Lakeview filed their Complaint on April 28, 2025. (Doc. 1). Lakeview was thus required to serve Defendants on or before July 28, 2025. FED. R. CIV. P. 4(m). Lakeview failed to serve Defendant Rudolfo Hernandez, III ("Hernandez") by this deadline. (Doc. 6). The Court then ordered Lakeview to accomplish service or otherwise show cause as to why it had been unable to do so by August 12. *Id.* This deadline passed with Lakeview again failing to serve Hernandez. (Doc. 10). The Court then extended Lakeview's deadline to serve

Hernandez until September 17. (Doc. 11). Lakeview again failed to meet this deadline, so the Court issued a second Show Cause Order. (Doc. 12). Lakeview failed to serve Hernandez within the deadline for a third time, so the Court issued a third Show Cause Order. (Doc. 18). Lakeview once again did not serve Hernandez. (Doc. 19). This Court has repeatedly ordered Lakeview to serve Hernandez, to no avail. (Docs. 6, 12, 18).

On December 3, the Court ordered Lakeview to show cause within fourteen days as to why this case should not be dismissed under Federal Rule of Civil Procedure 41(b), which allows courts to dismiss a case if a plaintiff fails to prosecute or comply with court orders. (Doc. 20 at 2). Accomplishing service on Hernandez also would have satisfied the Order. *Id.* Despite this final warning, Lakeview did not file anything in response or provide proof of service on Hernandez.[1]

### CONCLUSION AND RECOMMENDATION

At this point, the Court is left with no option other than to recommend dismissal under Rule 41(b). Lakeview has failed to comply with multiple Show Cause Orders. (Docs. 6, 12, 18, 20). The Court has also warned Lakeview multiple times that this case was at risk of being dismissed. (Docs. 6, 12, 18, 20). Even so, Lakeview has continued in its failure to prosecute this case. The Court therefore **RECOMMENDS** that this case be dismissed under Rule 41(b).

---

1. Though it does not affect the outcome here, the Court notes that this is not the first time Lakeview has wasted the time and resources of a court in this Circuit by failing to prosecute its case. *Lakeview Loan Servicing, LLC, v. Lee*, No. 25-CV-00525, 2025 WL 2816781, at * 2 (W.D. Tex. July 30, 2025) (recommending dismissal under Rule 41(b) because "Lakeview has failed . . . to prosecute this lawsuit"); *Lakeview Loan Servicing, LLC, v. Perez*, No. 25-CV-00064, 2025 WL 2723142, at *3 (N.D. Tex. Aug. 20, 2025), *R&R adopted*, 2025 WL 2722663, (N.D. Tex. Sept. 24, 2025) (same).

SIGNED this 5th day of January, 2026.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).